IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION

RYAN MALLOY,
an individual, and
ANGELA WELCH,
Trustee for the Estate of Ryan Malloy,

        Plaintiffs,

v.

CITIBANK, N.A., a/k/a CITICARDS,
a/k/a DEPARTMENT STORES
NATIONAL BANK,
a national association, and
CREDIT CONTROL, LLC,
a foreign limited liability company,

        Defendants.
_____/

Case No.: 15-005487-CI

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, RYAN MALLOY (hereinafter, "Plaintiff Malloy") and

ANGELA WELCH, as Trustee for the Bankruptcy Estate of Ryan Malloy (hereinafter, "Plaintiff

Welch") (hereinafter collectively, "Plaintiffs"), by and through the undersigned counsel, and

hereby sue Defendants, CITIBANK, N.A., a/k/a CITICARDS, a/k/a DEPARTMENT STORES

NATIONAL BANK (hereinafter, "Citi"), CREDIT CONTROL, LLC (hereinafter, "CC")

(hereinafter collectively, "Defendants").  In support thereof, Plaintiffs allege:

## PRELIMINARY STATEMENT

      This is an action for damages for violations of the Florida Consumer Collection Practices

Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Fair Debt Collection Practices

Act, 15 United States Code, Section 1692a, *et seq*. (hereinafter, the "FDCPA"), the Telephone

1

Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA"), and for declaratory and injunctive relief in equity.

## JURISDICTION, VENUE & PARTIES

1.      This is an action for damages that exceeds $15,000.00, exclusive of attorneys' fees and costs.

2.      Jurisdiction and venue for purposes of this action are conferred by Florida Statutes, Sections 559.77 and 26.012, as well as 15 United States Code, Section 1692k(d).

3.      At all material times herein, the conduct of Defendants, complained of below, occurred in Pinellas County, Florida.

4.      At all times herein, Plaintiff Malloy is an individual residing in Pinellas County, Florida.

5.      Plaintiff Welch is the Trustee for the Bankruptcy Estate of Ryan Malloy, Case Number 8:15-bk-03241-MGW.

6.      Defendant Citi is a national association existing under the laws of the state of South Dakota that, itself and through its subsidiaries, regularly extends consumer credit card services to residents in Pinellas County, Florida.

7.      Defendant CC is a foreign limited liability company existing under the laws of the state of Missouri that, itself and through its subsidiaries, regularly collects debts due to another in Pinellas County, Florida.

## GENERAL ALLEGATIONS

8.      At all material times herein, Defendant Citi is a "creditor" as defined by Florida Statutes, Section 559.55(5).

9.      At all material times herein, Defendant CC is a "debt collector" as defined by 15

2

United States Code, Section 1692a(6) and Florida Statutes, Section 559.55(7).

10.     At all material times herein, Plaintiff Malloy is a "debtor" or "consumer" as defined by Florida Statutes, Section 559.55(8) and 15 United States Code, Section 1692a(3).

11.     Defendants each used interstate mail while engaging in a business the principal purpose of which is the collection of debts allegedly due another.  Defendant CC is also an entity which regularly collects or attempts to, directly or indirectly, collect debts owed or due, or asserted to be owed or due, another from consumers in Pinellas County, Florida.

12.     At all material times herein, Defendants attempt to collect a debt, including but not limited to, alleged balances due on consumer credit cards, referenced by Defendant Citi account numbers ending in -8845, -7555, -3619, and -64181 (hereinafter, the "Debt").

13.     At all material times herein, the Debt is a consumer debt, obligations resulting from a transaction for goods or services and was incurred primarily for personal, household or family use.

14.     Defendant CC received the Debt for collection—and at all times herein collected the Debt—after the Debt was in default.

15.     At all material times herein, Defendants are each a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(5); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

16.     At all material times herein, Defendants' conduct, with respect to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(2) and 15 United States Code, Section 1692a(2).

17.     At all material times herein, Defendants acted themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties,

3

subrogees, representatives, third-party vendors, and insurers.

18.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendants.

## FACTUAL ALLEGATIONS

19.     Plaintiff Malloy retained Leavengood, Dauval, Boyle & Meyer, P.A. (hereinafter, "Undersigned Counsel") on or about June 25, 2014 with respect to his debts generally, including the Debt.

20.     Plaintiff Malloy is the owner, regular user, and possessor of a cellular telephone with the assigned number 727.204.9788 (hereinafter, "Cellular Telephone").

21.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff Malloy's Cellular Telephone using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

22.     On or about September 9, 2014, Undersigned Counsel sent a facsimile transmission to Defendant Citi, specifically referencing Plaintiff Malloy's credit card account ending in -64181, which advised Citi of Undersigned Counsel's representation of Plaintiff Malloy with respect to his debts generally, including the Debt, provided Undersigned Counsel's contact information and advised Citi that all future communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office (hereinafter, "First Fax of Representation").  The facsimile transmission further expressly withdrew any prior express consent, to the extent it ever existed, to call Plaintiff's Cellular Telephone with respect to the Debt.  Please see attached a true and correct copy of the First Fax of Representation and fax confirmation sheet labeled as Exhibit "A1-A5."

4

23.     On or about September 9, 2014, Undersigned Counsel sent a facsimile transmission to Defendant Citi, specifically referencing Plaintiff Malloy's credit card account ending in -8845, which advised Citi of Undersigned Counsel's representation of Plaintiff Malloy with respect to his debts generally, including the Debt, provided Undersigned Counsel's contact information and advised Citi that all future communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office (hereinafter, "Second Fax of Representation").  Further, the facsimile transmission expressly withdrew any prior express consent to call Plaintiff's Cellular Telephone with respect to the Debt.  Please see attached a true and correct copy of the Second Fax of Representation and fax confirmation sheet labeled as Exhibit "B1-B6."

24.     On or about September 9, 2014, Undersigned Counsel sent a facsimile transmission to Defendant Citi, specifically referencing Plaintiff Malloy's credit card account ending in -7555, which advised Citi of Undersigned Counsel's representation of Plaintiff Malloy with respect to his debts generally, including the Debt, provided Undersigned Counsel's contact information and advised Citi that all future communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office (hereinafter, "Third Fax of Representation").  Further, the facsimile transmission expressly withdrew any prior express consent to call Plaintiff's Cellular Telephone with respect to the Debt.  Please see attached a true and correct copy of the Third Fax of Representation and fax confirmation sheet labeled as Exhibit "C1-C6."

25.     On or about September 9, 2014, Undersigned Counsel sent a facsimile transmission to Defendant Citi, specifically referencing Plaintiff Malloy's credit card account ending in -3619, which advised Citi of Undersigned Counsel's representation of Plaintiff Malloy

with respect to his debts generally, including the Debt, provided Undersigned Counsel's contact information and advised Citi that all future communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office (hereinafter, "Fourth Fax of Representation"). Further, the facsimile transmission expressly withdrew any prior express consent to call Plaintiff's Cellular Telephone with respect to the Debt. Please see attached a true and correct copy of the Fourth Fax of Representation and fax confirmation sheet labeled as Exhibit "D1-D6."

26.    All of the direct communications from Defendants to Plaintiff Malloy described in greater detail below, were initiated by Defendants despite having actual notice that Plaintiff Malloy was represented by Undersigned Counsel with respect to his debts generally, including the Debt, having actual knowledge of Undersigned Counsel's contact information, and being advised that all communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office.

27.    On or about September 12, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in a direct attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "E."

28.    On or about September 15, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in a direct attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "F1-F2."

29.    On or about September 17, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "G."

30.    On or about September 18, 2014, Defendant Citi called Plaintiff Malloy on his

6

Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

31.     On or about September 22, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt requesting that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

32.     On or about September 23, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "H1-H2."

33.     On or about September 23, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

34.     On or about September 25, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "I1-I2."

35.     On or about October 3, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "J."

36.     On or about October 8, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "K."

37.     On or about October 13, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "L."

38.     On or about October 14, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "M1-M2."

39.     On or about October 17, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "N."

40.     On or about October 23, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "O1-O2."

41.     On or about October 30, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone and left him a voicemail message using an ATDS, PTDS, or an APV in an attempt to collect the Debt.

42.     On or about November 3, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "P."

43.     On or about November 3, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During

8

the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt requesting that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

44.     On or about November 4, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

45.     On or about November 5, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

46.     On or about November 7, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

47.     On or about November 8, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

48.     On or about November 8, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "Q."

49.     On or about November 10, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

50.     On or about November 11, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

51.     On or about November 12, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "R."

52.     On or about November 12, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

53.     On or about November 13, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During

the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt requesting that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

54.     On or about November 14, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "S1-S2."

55.     On or about November 17, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "T."

56.     On or about November 19, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

57.     On or about November 20, 2014, Defendant Citi sent Plaintiff Malloy a billing statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said billing statement labeled as Exhibit "U1-U4."

58.     On or about November 22, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

59.     On or about November 23, 2014, Defendant Citi sent Plaintiff Malloy an

11

electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "V1-V2."

60.     On or about November 24, 2014, Defendant Citi sent Plaintiff Malloy a collection letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "W1-W2."

61.     On or about November 24, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

62.     On or about November 26, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

63.     On or about November 29, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

64.     On or about December 3, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in

an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

65.     On or about December 3, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "X."

66.     On or about December 5, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

67.     On or about December 7, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

68.     On or about December 9, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

69.     On or about December 9, 2014, Defendant Citi sent Plaintiff Malloy a collection letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "Y1-Y2."

13

70. On or about December 9, 2014, Undersigned Counsel sent *another* facsimile transmission to Defendant Citi, specifically referencing Plaintiff Malloy's credit card account ending in -64181, *again* advised Citi of Undersigned Counsel's representation of Plaintiff Malloy with respect to his debts generally, including the Debt, provided Undersigned Counsel's contact information and *again* advised Citi that all future communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office (hereinafter, "Fifth Fax of Representation"). The facsimile transmission *again* expressly withdrew any prior express consent to call Plaintiff's Cellular Telephone respecting the Debt. Please see attached a true and correct copy of the Fifth Fax of Representation and fax confirmation sheet labeled as Exhibit "Z1-Z5."

71. On or about December 11, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

72. On or about December 12, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "AA."

73. On or about December 12, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

14

74.     On or about December 14, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

75.     On or about December 15, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "BB1-BB2."

76.     On or about December 16, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

77.     On or about December 17, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "CC."

78.     On or about December 19, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

79.     On or about December 20, 2014, Defendant Citi sent Plaintiff Malloy a billing statement in an attempt to collect the Debt.  Please see attached a true and correct copy of said

15

billing statement labeled as Exhibit "DD1-DD4."

80.     On or about December 22, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

81.     On or about December 23, 2014, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt. Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "EE1-EE2."

82.     On or about December 23, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

83.     On or about December 26, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

84.     On or about December 27, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt. During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call

Defendant Citi back at 1.855.242.6899.

85.     On or about December 29, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

86.     On or about December 30, 2014, Defendant Citi called Plaintiff Malloy on his Cellular Telephone using an ATDS, PTDS, or an APV in an attempt to collect the Debt.  During the immediately-aforementioned call, Defendant Citi left Plaintiff Malloy a voicemail message in an attempt to collect the Debt wherein Defendant Citi requested that Plaintiff Malloy call Defendant Citi back at 1.855.242.6899.

87.     On or about January 3, 2015, Defendant Citi sent Plaintiff Malloy an electronic mail message in an attempt to collect the Debt.  Please see attached a true and correct copy of said electronic mail message labeled as Exhibit "FF."

88.     On or about January 5, 2015, Defendant Citi sent Plaintiff Malloy a collection letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "GG1-GG2."

89.     On or before January 23, 2015, Defendant Citi turned the Debt over to Defendant CC for servicing, collection, or both.

90.     When Defendant Citi turned the Debt over to Defendant CC, Defendant Citi provided Defendant CC with actual notice that Undersigned Counsel represented Plaintiff Malloy with respect to his debts generally, including the Debt, actual knowledge of Undersigned Counsel's contact information and advised Defendant CC that all communication with respect to

the Debt must cease with Plaintiff Malloy and instead be directed to Undersigned Counsel's office.

91.     On or about January 23, 2015, despite the above-referenced knowledge, Defendant CC directly sent Plaintiff Malloy a collection letter in an attempt to collect the Debt. Please see attached a true and correct copy of said collection letter labeled as Exhibit "HH."

92.     On or about March 6, 2015, Defendant CC directly sent Plaintiff Malloy a collection letter in an attempt to collect the Debt.  Please see attached a true and correct copy of said collection letter labeled as Exhibit "II."

93.     On or about March 16, 2015, Undersigned Counsel sent a facsimile transmission to Defendant CC which *again* advised Defendant CC of Undersigned Counsel's representation of Plaintiff Malloy with respect to his debts generally, including the Debt, provided Undersigned Counsel's contact information and *again* advised Defendant CC that all future communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office (hereinafter, "CC Fax of Representation").  Please see attached a true and correct copy of the CC Fax of Representation and fax confirmation sheet labeled as Exhibit "JJ1-JJ3."

94.     On or about May 6, 2015, Undersigned Counsel filed with the United States Bankruptcy Court, Middle District of Florida, Tampa Division, an Application to Employ Special Counsel for permission to be employed as special counsel to pursue the above allegations on behalf of the Plaintiff Malloy's Chapter 7 Bankruptcy Estate, as well as on behalf of Plaintiff Malloy himself.

95.     On or about May 13, 2015, United States Bankruptcy Judge Michael G. Williamson signed, and the Clerk of Court entered, an Order Appointing Special Counsel.

18

Please see attached a true and correct copy of said Order labeled as Exhibit "KK1-KK2."

96.     Plaintiff Malloy's Cellular Telephone is his primary employment telephone number. Although he never answered any of Defendants' calls, as specifically described above, Plaintiff Malloy could not simply ignore said calls due to having to be available for his employment. Further, each of Defendants' calls prevented Plaintiff Malloy from receiving employment-related calls while his cellular telephone was ringing.

97.     Plaintiffs retained Leavengood, Dauval, Boyle & Meyer, P.A. for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

98.     As a direct result of Defendants' actions, Plaintiff Malloy has suffered emotional disstress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with respect to the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

99.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, an award of attorneys' fees, and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendants.

100.    United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages, actual damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Defendant CC.

101.    United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff Malloy's Cellular

Telephone in violation of the TCPA or the regulations proscribed thereunder.

102.    Additionally, the TCPA, pursuant to section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff Malloy's Cellular Telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

103.    At all times herein, it would have been possible for Defendant Citi to avoid violating the provisions of the TCPA.

104.    As of the date of this complaint, Defendants have not initiated a law suit in an effort to collect the Debt. Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendants.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through one hundred four (104) as if fully restated herein and further state as follows:

105.    Defendant Citi is subject to, and has violated the provisions of, Florida Statutes, Section 559.72(7) by attempting to collect consumer Debt from Plaintiff Malloy through means which can reasonably be expected to abuse or harass Plaintiff Malloy.

106.    Specifically, Defendant Citi sent Plaintiff Malloy a total of *at least* twenty-eight (28) electronic mail messages, billing statements, and collection letters attempting to collect the Debt, despite receiving actual notice that Plaintiff Malloy was represented by Undersigned Counsel with respect to the Debt and that all direct communication with Plaintiff Malloy must cease.

107.   Furthermore, Defendant Citi received the above-referenced actual notice *five* (5) times via the First, Second, Third, Fourth, and Fifth Faxes of Representation (hereinafter collectively, "Citi Faxes of Representation").

108.   Additionally, Defendant Citi called Plaintiff Malloy's Cellular Telephone *at least* thirty-three (33) times using an ATDS or PTDS, and left a voicemail message following each call using an APV.  Defendant Citi left these voicemail messages despite each of the Citi Faxes of Representation containing a specific notice in bold revoking any prior express consent for Defendant Citi to call Plaintiff Malloy's Cellular Telephone with respect to the Debt was revoked and advised Defendant Citi that the TCPA prohibited any further calls to Plaintiff Malloy's Cellular Telephone with respect to the Debt.

109.   Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

110.   As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(18)

Plaintiffs re-allege paragraphs one (1) through one hundred four (104) as if fully restated herein and further state as follows:

111.   Defendants are each subject to, and have violated the provisions of, Florida Statutes, Section 559.72(18) by intentionally and repeatedly communicating directly with Plaintiff Malloy after receiving actual notice that Plaintiff Malloy was represented by counsel with respect to the underlying Debt.

21

112.    Specifically, Defendant Citi sent Plaintiff Malloy a total of *at least* twenty-eight (28) collection letters, billing statements, and electronic mail messages in an attempt to collect the Debt despite receiving actual notice that Plaintiff was represented by Undersigned Counsel with respect to his debts generally, including the Debt, having actual knowledge of Undersigned Counsel's contact information, and being advised that all communication with respect to the Debt must cease with Plaintiff Malloy and should instead be directed to Undersigned Counsel's office from the Citi Faxes of Representation.

113.    Additionally, Defendant Citi called Plaintiff Malloy's Cellular Telephone *at least* thirty-three (33) times using an ATDS or PTDS, and left a voicemail message following each call using an APV.  Defendant Citi left these voicemail messages despite each of the Citi Faxes of Representation containing a specific notice in bold revoking any prior express consent for Defendant Citi to call Plaintiff Malloy's Cellular Telephone with respect to the Debt, advising Defendant Citi that the TCPA prohibited any further calls to Plaintiff Malloy's Cellular Telephone with respect to the Debt.

114.    Furthermore, Defendant CC sent Plaintiff Malloy directly *at least* two (2) collection letters attempting to collect the Debt despite receiving actual notice that Plaintiff Malloy was represented by Undersigned Counsel with respect to his debts generally, including the Debt, having actual knowledge of Undersigned Counsel's contact information, and having been advised that all communication with respect to the Debt must cease with Plaintiff and should instead be directed to Undersigned Counsel's office from Defendant Citi at the time Defendant CC was assigned the Debt.

115.    As such, Defendants each violated Florida Statues, Section 559.72(18) by directly communicating with a known represented party in an attempt to collect a consumer debt.

116.   As a direct and proximate result of Defendants' actions, Plaintiffs sustained damages as defined by Florida Statutes, Section 559.77.

**COUNT THREE:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1692c(a)(2)**

Plaintiffs re-allege paragraphs one (1) through one hundred four (104) as if fully restated herein and further state as follows:

117.   Defendant CC is subject to, and has violated the provisions of, 15 United States Code, Section 1692c(a)(2) by communicating directly with Plaintiff Malloy despite Defendant CC having knowledge that Plaintiff Malloy was represented by Undersigned Counsel and knowledge of Undersigned Counsel's contact information.

118.   Specifically, Defendant CC directly sent Plaintiff Malloy *at least* two (2) collection letters attempting to collect the Debt despite receiving actual notice at the time Defendant Citi assigned Defendant CC the Debt that Plaintiff Malloy was represented by Undersigned Counsel with respect to his debts generally, including the Debt, having actual knowledge of Undersigned Counsel's contact information, and having been advised that all communication with respect to the Debt must cease with Plaintiff and should instead be directed to Undersigned Counsel's office.

119.   As such, Defendant CC violated 15 United States Code, Section 1692c(a)(2) by communicating directly with a known represented party in an attempt to collect a consumer debt.

120.   As a direct and proximate result of Defendant CC's actions, Plaintiffs have sustained damages as defined by 15 United States Code, Section 1692k.

**COUNT FOUR:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)**

Plaintiffs re-allege paragraphs one (1) through one hundred four (104) as if fully restated herein and further state as follows:

121.   Defendant Citi is subject to, and has violated the provisions of, 47 United States Code, Section 227(b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff Malloy's prior express consent.

122.   Defendant Citi used an automatic telephone dialing system or an artificial or pre-recorded voice to call Plaintiff Malloy's Cellular Telephone *at least* thirty-three (33) times in its attempt to collect the Debt.

123.   At no time did Defendant Citi have Plaintiff Malloy's prior express consent to call Plaintiff Malloy on his Cellular Telephone.

124.   Alternatively, if Defendant Citi contends it had such consent, such consent was expressly revoked by each of the Citi Faxes of Representation.

125.   Additionally, if Defendant Citi contends these phone calls were made for "informational purposes only," Defendant Citi still lacked the required prior express consent necessary to make such informational calls to Plaintiff Malloy's Cellular Telephone using an ATDS or APV.

126.   The phone calls made by Defendant Citi complained of herein are the result of a repeated willful and knowing violation of the TCPA, as each of the Citi Faxes of Representation contained a specific notice in bold that advised Defendant Citi that the TCPA prohibited any further calls to Plaintiff Malloy's Cellular Telephone with respect to the Debt.

127.     As a direct and proximate result of Defendant Citi's conduct, Plaintiff Malloy has suffered:

      a.     The periodic loss of his cellular phone service;

      b.     Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract.

      c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

      d.     Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

      e.     Statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request against Defendants entry of:

      a.     Judgment against Defendant Citi declaring Defendant Citi violated the FCCPA and TCPA;

      b.     Judgment against Defendant Citi for maximum statutory damages for violations of the FCCPA;

      c.     Judgment against Defendant CC for maximum statutory damages for violations of the FCCPA and FDCPA;

      d.     Judgment against each Defendant for actual damages in an amount to be determined at trial;

e.   Judgment against Defendants for injunctive relief for Defendants' continued violations of the FCCPA and TCPA;

f.   Judgment against Defendant Citi for statutory damages in the amount of $500.00 for each of Defendant Citi's telephone calls that violated the TCPA;

g.   Judgment against Defendant Citi for treble statutory damages in the amount of up to $1,500.00 for each of Defendant Citi's telephone calls that violated the TCPA for which Defendant Citi acted knowingly and/or willingly;

h.   Judgment for an award of reasonable attorneys' fees and costs; and

i.   Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this potential litigation as required by law.

Respectfully submitted,

**LEAVENLAW**

*/s/ Aaron M. Swift*
□ **Ian R. Leavengood, Esq., FBN 0010167**
[X] **Aaron M. Swift, Esq., FBN 0093088**
□ **Gregory H. Lercher, Esq., FBN 0106991**
□ **Sara Weiss, Esq., FBN 0115637**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com

26

glercher@leavenlaw.com
sweiss@leavenlaw.com
*Attorneys for Plaintiffs*